UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20178-CR-ALTONAGA

**UNITED STATES OF AMERICA**,

    Plaintiff,
vs.

**ROBERT SHAPIRO**,

    Defendant.
_____/

## ORDER

THIS CAUSE came before the Court upon the United States of America's Unopposed Motion for Preliminary Order of Forfeiture Money Judgment [ECF No. 165]. Being fully advised, the Court finds as follows:

1. On April 4, 2019, a federal grand jury returned an Indictment charging the Defendant, *inter alia.*, in Count 1 with conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349. (Indictment [ECF No. 3.]) The Indictment contains forfeiture allegations, which allege that upon conviction of a violation of 18 U.S.C. § 1349, the Defendant shall forfeit any property, real or personal, that constitutes or is derived from proceeds traceable to the offense, pursuant to 18 U.S.C. § 981(a)(1)(C). *See id.* at 19-24.

2. On August 7, 2019, the Court accepted the Defendant's guilty plea to Count 1 and Count 10 of the Indictment. (*See* Minute Entry [ECF No. 138]; Plea Agreement ¶ 1 [ECF No. 139]). As part of the guilty plea, the Defendant agreed to the forfeiture of certain specific properties as well as to the entry of a forfeiture money judgment in at least the amount of $100 million (US). Among other provisions in the Plea Agreement, the Defendant agreed to the entry of a forfeiture money judgment in at least the sum of $100 million (US), which sum represents the

value of the property subject to forfeiture, and in any event, not less than the amount of loss determined by the Court at sentencing, and agreed to the forfeiture of assets that were directly forfeitable as well as assets which were substitute assets.

3.   In support of the guilty plea, the Defendant executed a Stipulated Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. (*See* Stipulated Factual Proffer [ECF No. 140]). The Stipulated Factual Proffer also provides a basis for forfeiture. *See id.* at 6-7. In addition, Defendant's wife executed a Consent to Forfeiture [ECF No. 143].

4.   Moreover, assets derived from Defendant's fraud, but not otherwise specifically enumerated in the Plea Agreement include three Cashier's Checks from East West Bank, identified as follows:

(a)   Check and resulting proceeds from East West Bank Check # 827015508, dated March 06, 2019 from Davana Primrose Ventures to Summit Sherman Oaks LLC in the amount of $250,000.00;

(b)   Check and resulting proceeds from East West Bank Check # 827015548, dated April 01, 2019 from Davana Sherman Oaks to Jeri Shapiro in the amount of $250,000.00; and

(c)   Check and resulting proceeds from East West Bank Check # 827015549, dated April 01, 2019 from Davana Sherman Oaks to Jeri Shapiro in the amount of $250,000.00.

Based on the foregoing, it is **ORDERED and ADJUDGED** as follows:

1.   Pursuant to Federal Rule of Criminal Procedure 32.2(b), and Defendant's Plea Agreement, a forfeiture money judgment for $100,000,000.00, as may be modified to be consistent with the loss amount determined at sentencing, is entered against Defendant, ROBERT SHAPIRO

as to Count 1, which amount is a sum of money equal in value to the proceeds traceable to the offense.  The proceeds obtained from all properties seized and forfeited pursuant to this Order, minus the ordinary and necessary expenses incurred by the United States to protect the interests of the United States or third parties, shall be applied to the Defendant's money judgment.

It is further **ORDERED and ADJUDGED** that the Motion [ECF No. 165] is **GRANTED** as follows:

2. The following property is hereby forfeited to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, as proceeds of or items traceable to proceeds of Count 1:

   a. directly forfeitable property, including, but not limited to:
      (i) All assets on deposit in account number 4040774877 at Alpine Bank, held in the name of Carbondale Basalt Owners LLC;
      (ii) All assets on deposit in account number 8900003424 at Alpine Bank, held in the name of Davana Sherman Oaks Owners LLC;
      (iii) All assets on deposit in account number 8970196989 at Alpine Bank, held in the name of Midland Loop Enterprises LLC;
      (iv) All assets on deposit in account number 36044043514 at Capital One Bank, held in the name of Jeri Shapiro;
      (v) All assets on deposit in account number 80-27009771 at East West Bank, held in the name of Davana Primrose Ventures LLC;
      (vi) All assets on deposit in account number 20-27007984 at East West Bank, held in the name of Jeri L Shapiro;
      (vii) All assets on deposit in account number 80-27010068 at East West Bank, held in the name of Reliance Marketing Solutions LLC;
      (viii) All assets on deposit in account number 80-27010381 at East West Bank, held in the name of Settlement Depot LLC;
      (ix) All assets on deposit in account number X96-267462 at Fidelity Cash Management, held in the name of Jeri Shapiro;
      (x) All assets on deposit in account number 197148628 at Regions Bank, held in the name of Commercial Bridge Lenders LLC;
      (xi) All assets on deposit in account number 2010131932 at Timberline Bank, held in the name of Golden Mesa Ventures LLC;
      (xii) All assets on deposit in account number 2010131940 at Timberline Bank, held in the name of Golden Primrose Ventures LLC;
      (xiii) All assets on deposit in account number 157514954443 at US Bank, held in the name of Jeri Shapiro;
      (xiv) One (1) 18-karat, white gold, bangle bracelet, with 550

round diamonds (12.50 carats) and 1,434 black diamonds (24.92 carats);

(xv)   One (1) pair of 18-karat, white gold, drop earrings, with 1,344 round-cut diamonds (13.80 carats);

(xvi)   One (1) pair of 18-karat, white gold, button earrings, with 162 round diamonds (13.89 carats);

(xvii)   One (1) pair of 18-karat, white gold, drop earrings with 99 yellow sapphires (1.10 carats), 117 tsavorites (1.18 carats), 125 blue sapphires (1.38 carats), 124 blue diamonds (1.36 carats), 120 amethysts (1.24 carats), 120 pink sapphires (1.18 carats), and 125 orange sapphires (1.26 carats);

(xviii)   One (1) pair of 18-karat, white gold, drop earrings with 22 emeralds (35.53 carats) and round-cut diamonds (7.18 carats);

(xix)   One (1) pair of 18-karat, rose gold, golden pearl earrings with round-cut diamonds (.39 carat);

(xx)   One (1) pair of 18-karat, rose gold, drop earrings with round-cut diamonds (.62 carat);

(xxi)   One (1) pair of 18-karat, rose gold, drop earrings with rubies (38.90 carats);

(xxii)   One (1) emerald and diamond ring;

(xxiii)   One (1) platinum ring with certified Colombia emerald-cut emerald (9.54 carats), eight trapezoid-cut diamonds (2.09 carats), and 166 round-cut diamonds (1.42 carats);

(xxiv)   One (1) pair of 18-karat, white gold earrings with multi-color pearls (11.8-15.5mm) and round-cut diamonds (.98 carat);

(xxv)   One (1) platinum ring with oval-cut ruby (10.91 carats), two trapezoid diamonds (1.19 carats), and 70 round-cut diamonds (2.08 carats);

(xxvi)   One (1) 18-karat, rose gold, bangle bracelet with round diamonds (1.50 carats);

(xxvii)   One (1) 18-karat, white gold, bangle bracelet with round diamonds (1.5 carats);

(xxviii)   One (1) pair of 14-karat, white gold, drop earrings with two black diamonds (61.81 carats), two icy grey diamonds (23.92 carats), two rose-cut diamonds (.36 carat), and 266 round diamonds (1.63 carats);

(xxix)   One (1) 18-karat, yellow gold ring with 13 radiant-cut diamonds (13.83 carats); and

(xxx)   One (1) 1969 Mercury convertible, bearing Vehicle Identification Number ("VIN") 9F92M565911.

b.   substitute property, including, but not limited to:

(i)   The wine collection stored at 4030 Longridge;

(ii)   A cashier's check for $250,000 from East West Bank;

(iii)   A Mortgage Payment made out of East West Bank of $399,867.67;

(iv)   All assets on deposit in account number 226157004 at Regions Bank, held in the name of Lionshare Lending LLC;

(vi)   Any outstanding balance of credits in JP Morgan Chase and Citicard credit cards.

(vii)   Check and resulting proceeds from East West Bank Check # 827015508, dated March 06, 2019 from Davana Primrose Ventures to Summit Sherman Oaks LLC in

    the amount of $250,000.00;

     (viii) Check and resulting proceeds from East West Bank Check # 827015548, dated April 01, 2019 from Davana Sherman Oaks to Jeri Shapiro in the amount of $250,000.00; and

     (ix) Check and resulting proceeds from East West Bank Check # 827015549, dated April 01, 2019 from Davana Sherman Oaks to Jeri Shapiro in the amount of $250,000.00.

  3. The United States Marshal, or any other duly authorized law enforcement official, shall seize and take custody of the forfeited property pursuant to Fed.R.Crim.P. 32.2 and the procedures set forth in 21 U.S.C. § 853(g), made applicable by 28 U.S.C. § 2461(c).

  4. The United States shall publish notice of this Order in accordance with Federal Rule of Criminal Procedure 32.2(b)(6), and to the extent practicable, provide direct written notice to any known potential claimant as to the specific properties forfeited. The United States shall state in the notice that any person, other than the Defendant, having or claiming a legal interest in the property ordered forfeited by this Order, must file a petition with the Court within thirty (30) days of the final publication of the notice or receipt of actual notice, whichever is earlier; that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property; that the petition shall be signed by the petitioner under penalty of perjury, shall set forth the nature and extent of petitioner's right, title and interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, and shall set forth any additional facts supporting the petitioner's claims and the relief sought.

  5. Upon adjudication of all third-party interests, if any, the Court will enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2 (c) and 21 U.S.C. § 853(n), in which all interests will be addressed. If no claims or petitions are filed within thirty (30) days of the final publication or receipt of actual notice, whichever is earlier, then, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(7), this Order shall be deemed a final order of forfeiture, and the United States Marshal, or any other duly authorized law enforcement official, shall dispose of

the property forfeited hereunder according to law.

6. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Order of forfeiture shall become final as to the Defendant upon entry and shall be made a part of the sentence.

7. The United States may at any time move, pursuant to Fed. R. Crim. P. 32.2(e)(1), to amend this Order to include property that is subject to forfeiture that was located and identified after the entry of this Order; or is substitute property that qualifies for forfeiture under an applicable statute, having a value not to exceed the money judgment, in whole or in part.

8. The Court retains jurisdiction in this case for the purpose of enforcing this Order.

**DONE AND ORDERED** in Miami, Florida, this 15th day of October, 2019.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record